IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LEO FRAZIER, as Administrator of the        :
Estate of Manuel Dejesus Corado,
deceased,

     Plaintiff,                                              :

vs.                                                              :   CA 09-0119-CG-C

SHELTON AND TYRONE POWE                 :
LOGGING, *et al.*,

     Defendants.                                         :

## REPORT AND RECOMMENDATION

     Plaintiff's Motion to Remand (Doc. 14), filed April 2, 2009, has been specifically referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(a). Docket Entry dated April 2, 2009. Defendants Shelton and Tyrone Powe Logging ("Powe Logging"), Alabama River Woodlands, Inc., Shelton Powe, Tyrone Powe, and David McDonald filed their opposition (Doc. 19) to Plaintiff's Motion to Remand on April 16, 2009 which was followed by Plaintiff's reply brief (Doc. 21), on April 24, 2009.

     After careful consideration of the parties' positions and the court record, it is concluded that the moving parties have shown by a preponderance of evidence that this court has subject matter jurisdiction.

Therefore, the Motion to Remand should be denied.[1]

## I.     Factual Background/Procedural History

On September 16, 2008, a tractor-trailer rig owned by Defendant Powe Logging and operated by Defendant David McDonald was heading east on Hwy 84 in Clarke County, Alabama, when it was involved in a minor collision with a vehicle, also traveling eastbound. (Doc. 1-2, Complaint, ¶¶ 16-17; Doc. 19, p. 6.) Responding to this accident, Mr. McDonald exited his logging truck to check on the driver of the rear-ended vehicle, but as a result, his trailer began "rolling backwards due to the incline it was parked on" and "jack-knifed" in the highway, blocking both lanes of traffic. (*Id.*) Manuel Corado had the great misfortune of traveling west on Hwy 84 at this time, and so struck Powe Logging's trailer, a fatal impact. (Doc. 1-2, Complaint, ¶ 17.)

Mr. Corado's estate commenced this action on February 2, 2009, in the Circuit Court of Clarke County, Alabama, and on March 6, 2009, Defendants timely removed it to this Court alleging diversity of citizenship under 28 U.S.C. § 1332. (Docs. 1; 15, p. 1.) On April 2, 2009, Plaintiff filed the instant Motion to Remand (Doc. 14), asserting that Defendants (1)

---

[1] In recognition of their status as unauthorized filings, Defendant's Brief in Response to Plaintiff's Reply Brief on Motion to Remand (Doc. 23), Plaintiff's Motion for Leave to File Rebuttal (Doc. 24) and Defendants' Motion for Leave to File Brief in Response (Doc. 25), have not been consulted.

2

have not carried their burden of proving the jurisdictional amount in controversy pursuant to 28 U.S.C. § 1332(a), (2) failed to gain the consent of a defendant, Carolina Casualty Insurance Company ("CCIC"), to removal and (3) have not carried their burden of proving that there is complete diversity of citizenship between the parties. (Doc. 14, p. 1-2.) Of these allegations, Plaintiff has since withdrawn the argument that CCIC's consent was required in order for Defendants to have properly removed the case, leaving merely two fertile fields of battle at this stage of the litigation. *See* Doc. 22-2, Plaintiffs' Corrected Reply, p. 5 (conceding that "Plaintiff agrees that [CCIC] is a nominal party or fraudulently joined" and that such defendants "are disregarded in determinations of removal jurisdiction"); *Miller v. R.J. Reynolds Tobacco Co., Inc.*, 502 F.Supp.2d 1265, 1268 (S.D. Fla. 2007) (explaining that "[a] caveat to the strict requirements of removal is that nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded" in determining the propriety of removal) (internal citations and quotations omitted).

**II.     Discussion**

    **A.     The Amount in Controversy**

When, as here, the complaint does not specify the amount of damages sought by Plaintiff, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."

*Thibodeaux v. Paccar, Inc.*, 592 F.Supp.2d 1377, 1380 (M.D.Ala. 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208-10 (11th Cir. 2007)).  As this Court has previously stated:

> Adopting this standard does not mean that a removing defendant can never prevail.  A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [the jurisdictional amount].  The standard is an objective one; [P]laintiff's or [P]laintiff's counsel's subject intent in drafting the prayer is not the true issue.

*Little Bend River Co., Inc. v. Molpus Timberlands Management, L.L.C.*, 2005 WL 2897400 (S.D.Ala.) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (internal citations and quotations omitted).  *See also Burns*, 31 F.3d at 1095 (stating that removing defendants' burden in this instance is stringent both because "federal courts are courts of limited jurisdiction" and because a plaintiff "is still the master of his own claim," meaning that "where [a] plaintiff and [a] defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (citations omitted).

### 1. *Relevant Other Paper*

The parties dispute the scope of the Court's inquiry into whether Defendants have established by a preponderance of the evidence that the amount in controversy in the current case exceeds the jurisdictional threshold of $75,000.  Defendants, for their part, submit a declarations page

4

of their liability insurance policy from Progressive Gulf Insurance Company reflecting a "Liability to Others" limit of $1,000,000.  (Ex. C to Notice of Removal, p. 4.)  Defendants feel that this, combined with a pre-suit demand letter from Plaintiff's counsel asking for a settlement figure equivalent to the policy limits and emphasizing that the case "is worth considerably more than the policy limits" and a February 13, 2009 demand for $6,000,000 in writing from Plaintiff's counsel Mr. George Keahey to Defendants' counsel, meets their burden of proving the amount in controversy by a preponderance of the evidence.  (Doc. 19, p. 2-3.)  Looking at this same evidence, Plaintiff believes that these documents instead fall short of meeting the removing defendants' burden.  (Doc. 15, p. 3.)

      The standard for the sufficiency of the evidence a removing defendant must present in order to satisfy his burden of proof has most recently been articulated by the Eleventh Circuit in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (2007).  There, the Court examined 28 U.S.C. § 1446(b) after tasking itself with the following inquiry: "Our first question involves the scope of the evidence on which a removing defendant may rely [in order] to establish jurisdiction."  *Id.* at 1211.  § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

> setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order[,] *or other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id*. (emphasis added).  The meaning of the italicized words, as the *Lowery* Court acknowledged, has led American jurists towards widely divergent views regarding the types of documents that justify removal.  *Id*. at 1213 (citing *Wilson v. Gen. Motors Corp*., 888 F.2d 779, 780 (11th Cir. 1989); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62) (5th Cir. 2000); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Williams v. Safeco Ins. Co.*, 74 F.Supp.2d 925, 929 (W.D.Mo. 1999); *Callahan v. Countrywide Home Loans, Inc.*, 2006 WL 1776747, *3-*4 (N.D.Fla. June 26, 2006)).  Simplifying the matter considerably, the *Lowery* Court explains:

> [U]nder [28 U.S.C.] § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff– be it the initial complaint or a

> later received paper– and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. . . . In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand was filed– i.e., the notice of removal and accompanying documents.  If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. . . . The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

*Id.* at 1213-15 (citations omitted).  "Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction."  *Id.* at 1214, n. 63 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999)).

Where, as here, the plaintiff has challenged the validity of the removal within thirty (30) days, the Court noted that although as a general matter only the removing documents will be considered, "there are some exceptions to the rule that the court is limited" thereto.  *Id.* at 1215.  In the first of these, a defendant could legitimately introduce evidence specifying damages "arising from a source such as a contract provision[,] whether or not the defendant received the contract from the plaintiff."  *Id.*  In the second, "in some limited circumstances," a defendant "may effectively amend a defective notice of removal upon receipt of additional evidence

that supplements the earlier-filed notice," but that additional paper must itself "provide sufficient grounds for removal."  *Id*.  (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 n. 1 (9th Cir. 2002) (per curiam)).  Interestingly, in *Cohn*, the Ninth Circuit clearly stated that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  *Cohn*, 281 F.3d at 840.  The "settlement letter" at issue in *Cohn*, (received by the defendant from Cohn) read, in relevant part: "Upon review of my client's records . . . we believe the mark is worth more than $100,000 to him.  Therefore . . . my client demands $100,000 to compensate him for the expense of using a new mark."  *Id*. at 840, n. 2.

### 2. *The Letters in Question*

Attached to their Notice of Removal (and partly obviating this report's above discussion of the *Lowery* exceptions to the "four corners of removal documents rule") is a January 9, 2009, letter from Plaintiff's counsel stating:

> [O]ur position at this point is clear.  This case is worth considerably more than the policy limits.  In addition, the liability could not be more clear.  There is no data that could be collected . . . that would change this.

(Ex. C to Notice of Removal, p. 7.)[2] The relevant policy limit, as already stated, totaled $1,000,000. (*Id*. at p. 4.) Although on its face, this communication seems both to satisfy *Lowery* and § 1446(b)'s "other paper" standard *and* to represent a reasonable estimate of Plaintiff's claim, there is, as Defendants protest, one degree of separation between this letter and the tacit knowledge of Plaintiff's counsel that the policy limit was indeed over the $75,000 threshold.

Greatly clearing the matter, however, is a second letter, also received from Plaintiff's counsel by Defendants' counsel, stating in no uncertain terms that "prior to spending any further time or expense in this case, we would like to make a demand at this time for $6,000,000." (Doc. 19-2, Supplemental Affidavit of Kenneth A. Hitson, Jr., Exhibit 3.) The very next sentence in the February 13, 2009, letter reads: "This case is worth that amount." (*Id*.) Thus, following the Court's reasoning in *Lowery*, *supra*, the second exception to the rule that a removing defendant must be able to point to unambiguous evidence *in the removing documents* applies here, as it is clear on the face of this letter (received by Defendants from Plaintiff)

---

[2] This letter was sent after plaintiff's counsel had requested, on December 15, 2008, a copy of the declarations page of Powe Logging's insurance policy (Supplemental Affidavit of Kenneth A. Hitson, Jr., Doc. 19, Exh. H-2) and prior to an e-mail sent on March 11, 2009, identifying the policy by specific number (*Id*., Exh. H-1). Thus, the time line is that plaintiff's counsel requested a copy of the declarations page of the insurance policy on December 15, 2008, then sent a settlement offer for the policy limits on January 9, 2009, followed by a demand letter for $6,000,000.00, expressed as the value of the action, on February 13, 2009.

that Plaintiff would be seeking an amount in excess of the $75,000 threshold for federal jurisdiction.  *See also Wood v. Option One Mortgage Corp.*, 580 F.Supp.2d 1248, 1255 (N.D.Ala. 2008) (emphasizing that post removal affidavits are allowable if relevant to the period of time when removal was first effectuated) (citation and quotation omitted); *Bankhead v. American Suzuki Motor Corp.*, 529 F.Supp.2d 1329, 1333 (M.D.Ala. 2008) (recognizing *Lowery*'s exceptions and holding that "[Plaintiff's] settlement letter constitutes an effective amendment of [Defendant's] defective notice of removal."); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction"); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (recognizing *Sierminski*'s holding that "a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal."); *Jordan v. Equity Group Eufala Division, LLC*, 2008 WL 4671781 (M.D.Ala. Oct. 21, 2008) (same); *Kok v. Kadant Black Clawson, Inc.*, 274 Fed.Appx. 856, 857 (11th Cir. 2008) (per curiam) (upholding district court's conclusion that removing defendant established plaintiff's claim as being above the required amount in controversy only after responding to a motion to remand with documents that pertained to the time

of removal); *Chase v. Shop 'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997) (recognizing the fact that a "district court may look outside the pleadings to other evidence of [the] jurisdictional amount in the record," although this range is limited to evidence "available at the moment the petition for removal was filed."); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) *cert. denied*, 513 U.S. 930, 115 S.Ct. 322 (1994) (stating that it was "apparent" that removal was warranted because the record contained a letter "which [P]laintiff's counsel sent to [D]efendants stating that the amount in controversy" exceeded the threshold amount).  The interpretation of Plaintiff's demands embodied in the letter do not require divination by looking to the stars, extispicy, pyromancy, or any other speculative behavior– indeed, it would take a stretch of logic to construe the communication as requesting an amount below that of the jurisdictional threshold.

### B.     The Parties' Diversity of Citizenship

#### 1.     *The Positions of the Parties*

Although acknowledging that "Plaintiff's Complaint alleges that Defendant . . . Powe Logging . . . is a partnership" and that "the affidavit of Tyrone Powe . . . confirms that this entity is a general partnership," Plaintiff apparently believes that the defendants "have failed to clearly and unambiguously establish who all the partners [in Powe Logging] are, and

therefore, what their citizenship is." (Doc. 15, p. 13.) Specifically, they view the affidavit of one of Powe Logging's two partners stating the partnership's citizenship and place of business, Tyrone Powe, as unclear and open to interpretation– and thus insufficient to overcome their burden of establishing the diversity of the parties.   The Affidavit of Tyrone Powe states, in relevant part:

> I am the co-owner of Shelton and Tyrone Powe Trucking Company, General Partnership.  I and my partner, Shelton Powe, are residents of Waynesboro, Mississippi[,] and our business is based out of Waynesboro, Mississippi.

(Doc. 1-6, p. 6-7, Affidavit of Tyrone Powe, Notice of Removal, Ex. F.) Defendants, however, instead avow that "[n]either [Tyone Powe's] affidavit nor the complaint itself contains any suggestion, and there is no other evidence from which a reasonable inference can be drawn, that anyone else is a partner in this partnership." (Doc. 19, p. 10.)

### 2. *Legal Framework*

In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the Supreme Court held that for the purposes of establishing diversity, when determining "the citizenship of an artificial entity," it is improper to "consult the citizenship of less than all of the entity's members." *Id*. at 195. *See also* 28 U.S.C. § 1332(c)(1) (stating in relevant part that "a corporation shall be deemed to be a citizen of any State

by which it has been incorporated and of the State where it has its principal place of business . . . .").

The Eleventh Circuit, in *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (2004) (per curiam), tracked the above language in *Carden* and added the helpful note that "[a] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Id*. at 1021-22 (citing *Williams*, 269 F.3d at 1319). Equally important, the *Rolling Greens* Court also recharacterized *Carden*'s holding as simply the logical extension of the Supreme Court's recognition of "the long-standing rule that the citizenship *of an artificial, unincorporated entity* generally depends on the citizenship of all the members composing the organization," language which removes the undersigned's latent uncertainty stemming from Powe Logging's status as a general, as opposed to limited, partnership. *Id*. at 1021 (emphasis added). *See also Island Pipeline, LLC v. Sequoyah Limited, LLC*, 2009 WL 413584, *1 (M.D.Fla. Feb. 18, 2009) (citing *Carden* when stating that "[t]he citizenship of most unincorporated entities depends on the citizenship of each member composing the organization, and, for diversity purposes, an unincorporated entity, such as an LLC, is a citizen of each state of which a member of the entity is a citizen.").

Finally, although *Rolling Greens* did contain the pronouncement that

"[t]o sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," it is reasonable to find that Tyrone Powe's affidavit *did* list all of his partners (referring to his co-owner as "his partner," a clearly singular use of the noun) *and* their citizenship (explaining that he and his partner are residents of Mississippi and that their business is headquartered in Mississippi). *Rolling Greens*, 374 F.3d at 1022; Doc. 1-6, p. 6-7, Affidavit of Tyrone Powe, Notice of Removal, Ex. F.  Accordingly, it is the undersigned's belief that Defendants have met their burden of proving the diversity of the parties by a preponderance of the evidence.  *See Thibodeaux*, 592 F.Supp.2d at 1380; *Lowery*, 483 F.3d at 1207.

### III.   Conclusion

For all of the foregoing reasons, it is recommended that Plaintiff's Motion to Remand (Doc. 14) be **DENIED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this 18th day of May, 2009.

> s/WILLIAM E. CASSADY
> UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar

an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE
