**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LEO FRAZIER,** | ) | |
| **as Administrator of the Estate of** | ) | |
| **Manuel Dejesus Corado, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 09-0119-CG-C** |
| | ) | |
| **SHELTON and TYRONE POWE** | ) | |
| **LOGGING, et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

## ORDER

This matter is before the court on the motion of plaintiff, Leo Grazier, as Administrator
of the Estate of Manuel Dejesus Corado, deceased, for leave to amend his complaint (Doc. 90),
and an objection by defendants, Shelton and Tyrone Logging, Shelton Powe, Tyrone Powe, and
David McDonald.  (Doc. 92).  For the reasons stated below, the court finds that the above motion
is due to be GRANTED.

## BACKGROUND

In his complaint, the plaintiff alleges that David McDonald, while acting within the scope
of his employment with Shelton and Tyrone Powe Logging ("Powe Logging"), was operating a
tractor-trailer rig on Highway 84 in Clarke County, Alabama, when he collided with a vehicle
driven by an unknown individual, and that Mr. McDonald's vehicle subsequently rolled
backward and "jackknifed" in the road, blocking both lanes of traffic, and that a vehicle operated
by Mr. Corado collided with Mr. McDonald's vehicle, resulting in Mr. Corado's death.  (Doc. 1-
1, pp. 7-8).

In the above motion, the plaintiff asserts that Mr. McDonald admitted at a deposition that

he collided with an unknown truck prior to Mr. Corado striking his truck that was stopped in the road and that this truck left the scene of the accident. (Doc. 90, pp. 2-3). Additionally, the plaintiff asserts Robert Henry, an employee of Powe Logging, testified that he was not at the scene of the accident (See Doc. 74-3), but that he drove a green Powe Logging Peterbilt tractor-trailer rig on the night the accident occurred. The plaintiff maintains that Mr. Henry was the only employee of Powe Logging who drove this green Peterbilt tractor-trailer rig. (Doc. 90, p. 3).

On December 3, 2009, the plaintiff served notice of a videotape deposition of Edmond Gaines to be scheduled on December 8, 2009. (Docs. 77 & 77-1). After several extensions, the deposition of Mr. Gaines was held on December 21, 2009. (Doc. 92-1, p. 15). The plaintiff asserts that the following facts were discovered at this deposition:

> 3... Shortly before the accident at issue, Mr. Gaines was at his workplace, approximately four miles away from the accident site, when he saw a green Peterbilt tractor-trailer rig followed by a red Western Star tractor-trailer rig pass by traveling eastbound on Highway 84. According to Mr. Gaines, the two rigs were approximately one tractor-trailer length apart. Mr. Gaines saw the logo "Powe Trucking" on both the green Peterbilt tractor-trailer rig and the red Western Star tractor-trailer rig. Mr. Gaines, who is a commercial truck driver himself, is familiar with the trucks operated by Shelton and Tyrone Powe Logging.

> 4. Shortly thereafter, Mr. Gaines was summoned to the accident scene in his capacity as a member of the local volunteer fire department. When he arrived at the scene, he saw the red Western Star tractor-trailer rig "jackknifed" in the roadway and the wrecked vehicle operated by Plaintiff's decedent. Mr. Gaines drove up the hill and saw the green Peterbilt tractor-trailer rig parked on the hill. Mr. Gaines identified both the green and the red tractor-trailer rigs as the ones he had seen earlier, bearing the logo "Powe Trucking" and operated by Shelton and Tyrone Powe Logging. While Mr. Gaines was at the accident scene, he heard an individual state to bystanders that he was the driver of "the other truck," referring to the green Peterbilt tractor-trailer rig.

(Doc. 90, p. 2).

After Mr. Gaines' deposition, the plaintiff filed a motion for leave to amend his complaint. (Doc. 90). The plaintiff asserts that "it can reasonably be inferred from the above

facts, including Mr. Gaines's testimony that the red and green tractor-trailer rigs were only one tractor-trailer length apart shortly before the accident, that the green rig stopped in the roadway and was struck by the red rig operated by Defendant McDonald; and that the green rig was operated by Mr. Henry while acting as an employee of Shelton and Tyrone Powe Logging." Furthermore, the plaintiff argues that he "has exercised due diligence to depose Mr. Gaines, who was listed on a report of the local volunteer fire department as having been present at the scene..." and that "[b]efore Mr. Gaines was deposed, Plaintiff had no evidence that the vehicle stopped in the roadway was operated by" Powe Logging. (Doc. 90, pp. 3-4).

## DISCUSSION

District courts are required to "enter a scheduling order that limits the time ... to amend the pleadings ..." FED. R. CIV. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," FED. R. CIV. P. 16(e), and may be modified only "upon a showing of good cause." FED. R. CIV. P. 16(b). Had the plaintiff sought leave to amend his complaint before the scheduling order deadline, the court would look to Rule 15(a) of the Federal Rules of Civil Procedure to determine whether the amendment should be allowed. While leave to amend under Rule 15(a) may be freely given, leave to amend after a scheduling order deadline will only be given upon a showing of "good cause" under Rule 16(b). Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). In proving "good cause" under Rule 16(b), the plaintiff has the burden of showing that "extraordinary circumstances require it" and that "the parties have diligently pursued discovery." Williams v. Baldwin County Comm'n, 203 F.R.D. 512, 516 (S.D. Ala. 2001).

This court entered a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) on June 19, 2009. In that order, this court set a deadline of October 15, 2009, for any party to

file a motion for leave to amend any pleadings. (Doc. 35, pp. 2-3). Furthermore, the order set forth that all discovery is to be completed on or before December 15, 2009. (Id., p. 2)(emphasis in original). The discovery deadline was thereafter extended by order of this court to December 31, 2009. (Doc. 79). Mr. Gaines was first mentioned in Rule 26 supplemental disclosures filed by the plaintiff on October 30, 2009. (Doc. 63-1). The plaintiff filed notice of Mr. Gaines' deposition on December 3, 2009, a date which is before the discovery deadline and within a reasonable time after the filing of the supplemental disclosures. (Doc. 77-1).

Furthermore, in the supplemental disclosures, Mr. Gaines is listed as having discoverable information as to the "[f]acts and circumstances post-accident relating to all vehicles present at the scene and involved in the accident as well as accident clean-up." (Doc. 63-1, p. 3). Although the description states that Mr. Gaines had information of the facts post-accident, the description does not provide that Mr. Gaines had any information as to any facts before the accident. As detailed above, the plaintiff maintains, and there is no evidence to the contrary,[1] that he first learned of Mr. Gaines' pre-accident observations, specifically that a green Peterbilt tractor-trailer rig with "Powe Trucking" labeling was being followed by a red Western Star truck with the same labeling, at the deposition on December 21, 2009. (See Doc. 90, p. 1-2). Upon learning this new information, the plaintiff filed within a reasonable time the present motion for leave to amend his complaint. (See Doc. 90).

Since this court finds that the plaintiff deposed Mr. Gaines and filed this present motion

---

[1] The defendants assert that "[i]t is clear that the Plaintiff was aware of Edmond Gaines' testimony prior to his deposition based on the fact that: (1) Mr. Gaines himself testified that he had spoken with Plaintiff's counsel before his deposition..." (Doc. 92, p. 3). While it is true that Mr. Gaines testified that he had spoken to the plaintiff's counsel prior to his deposition (See Doc. 92-1, p. 18), Mr. Gaines did not testify as to the substance of that conversation or when the conversation specifically occurred.

within a reasonable time and since there is no evidence before this court showing that the plaintiff was aware of Mr. Gaines' pre-accident knowledge before the deposition, this court finds that the plaintiff has shown "good cause" to warrant leave to amend his complaint.

## CONCLUSION

For the reasons stated above, the plaintiff's motion for leave to amend his complaint (Doc. 90) is **GRANTED**.

**DONE** and **ORDERED** this 25th day of January, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE